UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PENNSYLVANIA MANUFACTURERS INDEMNITY
COMPANY,

                              Plaintiff,                 **COMPLAINT**

v.

                                                               Civil Action No.

ISABELLA GERIATRIC CENTER, INC.,

                              Defendant.
_____

        Plaintiff, Pennsylvania Manufacturers Indemnity Company ("Plaintiff"/"PMIC"), by and through its attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., as and for its Complaint, alleges as follows:

### JURISDICTION AND VENUE

        1.     This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332; this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

        2.     Venue is proper in this Court pursuant to 28 U.S.C § 1391 (a) (1) and (2) because Defendant maintains its office, conducts business and resides in this district, and a substantial portion of the acts that constitute the basis of this complaint occurred within this district.

### THE PARTIES

        3.     Plaintiff is a foreign business corporation duly organized under the laws of the State of Pennsylvania and authorized to do business in the State of New York with its principal

place of business located at 380 Sentry Parkway, Blue Bell, Montgomery County, Pennsylvania 19422.

4. Upon information and belief, Defendant Isabella Geriatric Center, Inc. ("Isabella"/"Defendant"), is a domestic business corporation duly organized under the laws of the State of New York with a principal place of business located at 515 Audubon Avenue, New York, New York 10040-3403.

5. On or about December 30, 2011, at the request of Defendant, PMIC issued – and Defendant accepted – a workers compensation and employers' liability insurance policy bearing policy number 201200-03-98-80-0 for the policy period of 01-01-2012 to 01-01-2013.

6. The policy was delivered to and received by Defendant following policy inception.

7. In consideration for the issuance of this policy, Defendant agreed to timely pay all premiums/surcharges due under the terms of the policy as calculated by PMIC.

## BREACH OF CONTRACT – THE 2012 POLICY
## (POLICY # 201200-03-98-80-0)

8. Plaintiffs restate and reallege paragraphs "1" through "7" of this Complaint with the same force and effect as if fully set forth herein.

9. As referenced previously, Pennsylvania Manufacturers Indemnity Company ("PMIC") issued – and Defendant accepted – a workers' compensation and employers' liability insurance policy bearing policy number 201200-03-98-80-0 (the "2012 Policy"). A copy of the 2012 policy is attached as **Exhibit "A."**

10.   In return for the issuance of the 2012 policy, Defendant agreed to pay timely all premiums/surcharges due under the terms of the policy.

11.   Defendant selected the Incurred Loss Retrospectively Rated Plan for the 2012 policy. A copy of the Plan Selection form is attached as **Exhibit "A-1."** This form was executed by Defendant's Vice President and Chief Financial Officer, Rocco Meliambro.

12.   The Plan Selection form stated in pertinent part:

"This is to confirm that we (the undersigned) have selected the <u>Incurred Loss Retrospectively Rated</u> Plan for Policy Number <u>201200 039800</u>"

...

"The insured understands and agrees that the choice of any plan other than the Fixed Cost or Level Dividend will result in an adjustment of the Standard Premium based upon incurred losses relating to the policy period. Rating plan calculations are subject to multiple, annual adjustments and can result in additional or return billings."

...

"The Insured further understands and agrees that the ultimate premium payable will be determined by The PMA Group based upon PMA's calculation of incurred losses, which include Allocated Loss Adjustment Expenses (ALAE), and audited payrolls relating to the Policy period. The insured further understands and agrees that the ultimate determination of premium is made in accordance with the wording contained in the Policy, endorsements forming part of the Policy, [and] the plan selection as indicated above"...

(Ex. A-1).

13.   Several policy forms – all part of the 2012 Policy – plainly show Isabella selected a retrospectively rated plan. These forms include, but are not limited to, the "Retrospective Premium Endorsement One Year Plan" (Ex. A [form WC 00 05 03 A]); the "Retrospective Premium Endorsement Flexibility Options" Ex. A [form WC 00 05 15]); the "Retrospective Rating Plan Premium Endorsement Flexibility Options" Ex. A [form WC 00 05 15]; and the

3

"Retrospective Premium Amendatory Endorsement Large Risk Alternative Rating Option" Ex. A [form WC 99 05 01]).

14. The "Retrospective Rating Plan Premium Endorsement One Year Plan" (Ex. A [form WC 00 05 03 A]), explained in great detail the rating plan and how the retrospective plan premium would be determined.

15. Under the "Retrospective Rating Plan Premium Endorsement One Year Plan," (Ex. A [form WC 00 05 03 A]), PMIC and Isabella agreed that after each calculation of retrospective premium, Isabella would pay promptly to PMIC an amount due, or PMIC would refund an amount due to Isabella. Specifically, the Endorsement provided as follows: "After each calculation of retrospective premium, you will pay promptly the amount due us, or we will refund the amount due you. Each insured is responsible for the payment of all standard premium and retrospective premium calculated under this endorsement." (Ex. A [form WC 00 05 03 A]).

16. The "Retrospective Premium Endorsement Flexibility Options" Ex. A [forms WC 00 05 15 and WC 00 05 15 A]) explained that "incurred losses are changed to include allocated loss adjustment expense."

17. The "Retrospective Premium Amendatory Endorsement Large Risk Alternative Rating Option" (Ex. A [form WC 99 05 01]) set forth the minimum, maximum and basic rates PMIC would charge for coverage under the Policy as well as the loss limitation, loss conversion factor and estimated premium due at Policy inception.

18. The 2012 Policy also contained a Premium Due Date Endorsement which amended the language of PART FIVE (D) - PREMIUM, § D of the Policy to read as follows:

4

"The due date for audit and retrospective premiums is the date of the billing." (Ex. A, Form WC 00 04 19]).

19.     In addition, pursuant to Section D (3) [Premium Calculations and Payments] of the "Retrospective Rating Plan Premium Endorsement One Year Plan," Defendant agreed that "[a]fter each calculation of retrospective rating plan premium, [it] [would] pay promptly the amount due" or PMIC would refund to Defendant any amount due to Defendant. (Ex. A [form WC 00 05 03 A]).

20.     On or about September 14, 2015, PMIC performed the third Retrospective Adjustment under the 2012 Policy, resulting in additional premium/state assessments due PMIC in the amount of $594,905.00. A copy of the third Retrospective Adjustment under the 2012 Policy is attached as **Exhibit "A-2."**

21.     After accounting for the payments Defendant made under the Policy, and all other credits that Defendant may be entitled, which totaled $1,375,871.00, there is a balance due PMIC of $594, 905.00 under the 2012 Policy. A copy of the Statement/History showing the account summary for the 2012 Policy is attached as **Exhibit "A-3."**

22.     PMIC fully performed its obligations and duties under the terms of the 2012 Policy.

23.     Defendant, however, breached its contractual promise to pay by neglecting and/or refusing to pay PMIC the sums due under the 2012 Policy.

24.     Defendant has failed, refused, and neglected to pay PMIC $594,905.00 in outstanding premium/state assessments due under the 2012 Policy leaving PMIC without the use of this sum since the issuance of the retrospective adjustments.

25. By reason of the foregoing, PMIC seeks a money judgment against Defendant in the amount of $594,905.00.

**WHEREFORE,** Plaintiff Pennsylvania Manufacturers Indemnity Company requests that this Court grant it judgment and order the following relief:

(A) A judgment for Plaintiff and against Defendant in the amount of $594,905.00;

(B) An award of prejudgment interest;

(C) An award of reasonable attorneys' fees and the costs for this litigation; and

(D) Such other and further relief as this Court deems just and proper.

**DATED:** MAY 26, 2016

**SMITH SOVIK KENDRICK & SUGNET, P.C.**

By: _____
Kevin E. Hulslander, Esq.
Bar Code No.: KH1534
*Attorneys for Plaintiff Pennsylvania Manufacturers Indemnity Company*
Office and Post Office Address
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Tel: (315) 474-2911
Fax: (315) 474-6015
Khulslander@smithsovik.com